UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN PONGYAN, et al.,<br><br>Defendants. | No. 2: 21-cv-0846 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court directs the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Captain Pongyan, Associate Warden Stewart, Lieutenant Hollaway and Sergeant Uribe.

Plaintiff alleges that on November 10, 2020, the Institutional Classification Committee ("ICC") initially recommended that plaintiff be transferred to the California Men's Colony ("CMC"). However, the ICC finally endorsed plaintiff for transfer to R.J. Donovan State Prison ("RJD"). The endorsement stated that plaintiff had a confidential enemy situation at RJD, but plaintiff's enemy would not be on plaintiff's yard at RJD.

Plaintiff expressed his concerns to his counselor regarding the transfer to RJD. Plaintiff also told his counselor that CMC had every program plaintiff needed to be found suitable for parole. Plaintiff's counselor agreed to put plaintiff up for transfer to CMC. At that time, CMC would not be able to accept any transferred inmates for months.

On March 22, 2021, plaintiff noticed that almost no one on the yard, including defendant Pongyan, wore a mask. At that time, the prison was getting over a severe COVID-19 outbreak. When plaintiff tried to speak with defendant Pongyan about the failure to wear a mask, defendant Uribe told plaintiff that defendant Pongyan would not speak to plaintiff and that defendant Uribe would not do anything to address anything. Defendant Hollaway also refused to speak with plaintiff regarding defendant Pongyan's failure to wear a mask.

Plaintiff then filed a grievance against defendant Pongyan based on the failure to wear a mask. Plaintiff filed his grievance on March 26, 2021, and still had not received a response to his grievance at the time he signed his complaint on May 9, 2021.

Plaintiff alleges that after he submitted his grievance against defendant Pongyan, plaintiff was put up for transfer to RJD.

Plaintiff refused to take a rapid COVID-19 test in order to transfer to RJD. As a result, plaintiff was placed on a 21-day quarantine, despite getting a negative result on a different COVID-19 test two days later. Plaintiff asked the nurse why he was still being quarantined

3

despite the negative test result. The nurse told plaintiff that "it had nothing to do with medical." Plaintiff alleges that defendant Pongyan influenced the medical department to confine plaintiff to his cell for 21 days in retaliation for plaintiff filing the complaint against him.

Plaintiff alleges that on April 25, 2021, he submitted his complaint to be e-filed by the law librarian. Plaintiff alleges that the complaint did not reach the law librarian. When plaintiff asked about the whereabouts of his complaint, he was told it was lost. The law librarian told plaintiff that defendant Pongyan told her that plaintiff would be on a bus so not to worry about the lawsuit.

As legal claims, plaintiff alleges that defendants retaliated against him for filing the grievance against defendant Pongyan. Plaintiff also alleges an Eighth Amendment claim based on the recent change in his endorsement for transfer to RJD.

Plaintiff alleges that defendant Pongyan retaliated against him for filing a grievance against them by causing plaintiff's unnecessary quarantine, interfering with plaintiff's attempt to file a complaint and changing his transfer from CMC to RJD. These allegations state potentially colorable retaliation claims against defendant Pongyan.

Plaintiff also alleges that defendant Pongyan violated the Eighth Amendment by causing plaintiff to be put up for transfer to RJD, putting plaintiff's safety at risk.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). This responsibility requires prison officials to protect prisoners from injury by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833–34 (1994).

A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. (citations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including

4

inference from circumstantial evidence, ...and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. (citations omitted).

The Eighth Amendment requires more than a "mere threat" of possible harm. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("The standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.")

As discussed above, the ICC endorsed plaintiff for transfer to RJD. The ICC acknowledged that plaintiff had an enemy at RJD, but that the enemy would not be on plaintiff's yard. Based on these circumstances, the ICC apparently determined that plaintiff's safety would not be at risk at RJD. In the complaint, plaintiff does not specifically address how his transfer to RJD, where his enemy will be on a different yard, creates a substantial risk of harm to plaintiff. For these reasons, plaintiff has not stated a potentially colorable Eighth Amendment claim against defendant Pongyan or any other defendant.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The complaint contains no specific allegations against defendants Holloway and Uribe linking them to the alleged retaliation, including the decision to transfer plaintiff to RJD. The undersigned finds that it is not reasonable to infer that these defendants participated in a conspiracy to retaliate against plaintiff for filing a grievance against defendant Pongyan based only on their alleged refusal to discuss defendant Pongyan's failure to wear a mask with plaintiff. Accordingly, the claims against these defendants are dismissed with leave to amend.

The complaint contains no allegations against defendant Stewart. Accordingly, the claims against defendant Stewart are dismissed with leave to amend.

Plaintiff may proceed forthwith to serve defendant Pongyan and pursue his retaliation claim against only that defendant or he may delay serving any defendant and attempt to state a cognizable claim against defendants Stewart, Hollaway and Uribe and a cognizable Eighth Amendment claim against defendant Pongyan.

If plaintiff elects to attempt to amend his complaint, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Pongyan, against whom he has stated a potentially cognizable retaliation claim, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendant Pongyan.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant

and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

(reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

8

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Stewart, Hollaway and Uribe and the Eighth Amendment claim against defendant Pongyan are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable retaliation claim against defendant Pongyan. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to these defendants, he shall return the attached notice within thirty days of service of this order.

////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 13, 2021

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr846.ame(2)

```
 1
 2
 3
 4
 5
 6
 7
 8                         UNITED STATES DISTRICT COURT
 9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  WILLIAM JAMES HARRIS,                    No. 2: 21-cv-0846 KJN P
12                 Plaintiff,
13           v.                              NOTICE
    CAPTAIN PONGYAN et al.,
14
                   Defendants.
15
```

16 \_\_\_\_\_ Plaintiff opts to proceed with the original complaint as to the retaliation claim against defendant Pongyan.
Plaintiff consents to the dismissal of defendants Stewart, Hollaway and Uribe and the Eighth Amendment claim against defendant Pongyan without prejudice.

OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff