UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPTAIN PONGYAN, et al.,<br><br>    Defendants. | No. 2: 21-cv-0846 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned orders Supervising Deputy Attorney General Monica Anderson to file a response to plaintiff's motion for a temporary restraining order.

The undersigned has separately issued an order screening plaintiff's complaint. In the screening order, the undersigned finds that plaintiff stated a potentially colorable retaliation claim against defendant Pongyan.

In his complaint, plaintiff alleges that on November 10, 2020, the Institutional Classification Committee ("ICC") recommended plaintiff for transfer to the California Men's Colony ("CMC"). The ICC later endorsed plaintiff for transfer to the R.J. Donovan Correctional Facility ("RJD"). The ICC endorsement stated that plaintiff had a "confidential enemy situation" at RJD, but the enemy was not on plaintiff's yard at RJD.

1

| | |
|---|---|
| 1 | Plaintiff expressed his concerns to his counselor regarding the transfer to RJD. Plaintiff also told his counselor that CMC has every program plaintiff needed to be found suitable for parole. Plaintiff's counselor agreed to put plaintiff back up for transfer to CMC. |

Plaintiff expressed his concerns to his counselor regarding the transfer to RJD. Plaintiff also told his counselor that CMC has every program plaintiff needed to be found suitable for parole. Plaintiff's counselor agreed to put plaintiff back up for transfer to CMC.

Plaintiff alleges that on March 26, 2021, he filed a grievance against defendant Pongyan based on defendant Pongyan's alleged failure to wear a mask on the yard. At the time plaintiff signed his complaint on May 9, 2021, he had received no response to this grievance.

Plaintiff alleges that defendant Pongyan retaliated against plaintiff for filing the grievance by causing plaintiff to be unnecessarily quarantined, interfering with the filing of the instant action and causing plaintiff to be endorsed for transfer to RJD, instead of CMC. In the screening order, the undersigned found that plaintiff stated potentially colorable retaliation claims against defendant Pongyan.

In the pending motion for injunctive relief, plaintiff seeks an order prohibiting his transfer to RJD. Plaintiff alleges that at any time, "defendant" can put plaintiff on a special transport.

Supervising Deputy Attorney General Monica Anderson is directed to respond to plaintiff's claim that he is being transferred to RJD, instead of CMC, in retaliation for filing a grievance against defendant Pongyan. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, *initiation of a prison transfer*, and assault as retaliation for filing inmate grievances) (emphasis added); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a *retaliatory prison transfer* and double-cell status can constitute a cause of action for retaliation under the First Amendment) (emphasis added). Supervising Deputy Attorney General Monica Anderson shall address why plaintiff's endorsement for transfer to CMC, which plaintiff alleges his counselor supported, was changed to RJD.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to serve the instant order, the order screening plaintiff's complaint, plaintiff's complaint and plaintiff's motion for a temporary restraining order on Supervising Deputy Attorney General Monica Anderson;

////

2. Supervising Deputy Attorney General Monica Anderson shall respond to plaintiff's motion for injunctive relief (ECF No. 2) within fourteen days of the date of this order.

Dated: May 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr846.inj