1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM JAMES HARRIS,                No.  2: 21-cv-0846 TLN KJN P

12                 Plaintiff,

13        v.                              FINDINGS AND RECOMMENDATIONS

14   CAPTAIN PONGYAN, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendant Pongyan's motion to dismiss on the

19   grounds that plaintiff failed to exhaust administrative remedies.  (ECF No. 30.)  For the reasons

20   stated herein, the undersigned recommends that defendant's motion be denied.

21   Legal Standard for 12(b)(6) Motion

22        A complaint may be dismissed for "failure to state a claim upon which relief may be

23   granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

24   plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."  Bell

25   Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the

26   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27   defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

28   (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

1

1  requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

2  Iqbal, 556 U.S. at 678.

3      Dismissal under Rule 12(b)(6) may be based on either:  (1) lack of a cognizable legal

4  theory; or (2) insufficient facts under a cognizable legal theory.  Chubb Custom Ins. Co. v. Space

5  Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013).

6      Pro se pleadings are held to a less-stringent standard than those drafted by lawyers.

7  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  However, the court need not accept as

8  true unreasonable inferences or conclusory legal allegations cast in the form of factual

9  allegations.  See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining

10  Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

11      In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

12  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

13  matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

14  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  When ruling on a motion to

15  dismiss, courts accept all factual allegations in the complaint as true and construe the pleadings in

16  the light most favorable to the nonmoving party.  Id. at 901 (citing Knievel v. ESPN, 393 F.3d

17  1068, 1072 (9th Cir. 2005)).

18  Legal Standard for Administrative Exhaustion

19      Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are

20  subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Under the PLRA,

21  "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

22  any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

23  such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); Porter v.

24  Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners

25  seeking redress for prison circumstances or occurrences").  "[T]hat language is 'mandatory': An

26  inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent

27  exhaustion of available administrative remedies."  Ross v. Blake, 578 U.S. 632, 638 (2016)

28  (citations omitted).  However, "inmates are not required to specially plead or demonstrate

2

1   exhaustion in their complaints." <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007).  Instead, "the

2   defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense," and it

3   is the defendant's burden "to prove that there was an available administrative remedy, and that

4   the prisoner did not exhaust that available remedy."  <u>Albino v. Baca</u>, 747 F.3d 1162, 1171-72 (9th

5   Cir. 2014) (en banc) (citations omitted).

6          An inmate may appeal any "adverse policy, decision, action, condition, or omission by the

7   Department" and must be submitted within 30 days of discovery. Cal. Code Regs. tit. 15, § 3482.

8   As of June 1, 2020 administrative remedies available to CDCR inmates for violation of their

9   constitutional rights consist of a grievance to the local or regional Institutional Office of

10  Grievances and an appeal to the Office of Appeals.  Cal. Code Regs. tit. 15, §§ 3483, 3485.

11         "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant

12  may move for dismissal under Rule 12(b)(6)."  <u>Albino v. Baca</u>, 747 F.3d at 1169.

13  <u>Plaintiff's Claims</u>

14         This action proceeds on plaintiff's original complaint filed May 10, 2021, against

15  defendant Pongyan.  Plaintiff alleges that defendant Pongyan retaliated against plaintiff for filing

16  a grievance against defendant by putting plaintiff up for transfer to R.J. Donovan Correctional

17  Facility ("RJD"), interfering with plaintiff's filing of the instant action and causing plaintiff to be

18  unnecessarily quarantined.

19         Plaintiff alleges that on November 10, 2020, the Institutional Classification Committee

20  ("ICC") initially recommended that plaintiff be transferred to the California Men's Colony

21  ("CMC"). (ECF No. 1 at 3.)  However, the ICC finally endorsed plaintiff to RJD.  (<u>Id.</u>)  The

22  endorsement stated that plaintiff had a confidential enemy situation at RJD, but plaintiff's enemy

23  would not be on plaintiff's yard at RJD.  (<u>Id.</u>)

24         Plaintiff expressed his concerns to his counselor regarding his transfer to RJD.  (<u>Id.</u> at 3-

25  4.)  Plaintiff also told his counselor that CMC had every program plaintiff needed to be found

26  suitable for parole.  (<u>Id.</u> at 4.)  Plaintiff's counselor agreed to put plaintiff up for transfer to CMC.

27  (<u>Id.</u> at 3-4.)  At that time, CMC would not be able to accept any transferred inmates for months.

28  (<u>Id.</u> at 4.)

On March 22, 2021, plaintiff noticed that almost no one on the yard, including defendant Pongyan, wore a mask.  (Id. at 5.)  At that time, the prison was getting over a severe outbreak of COVID-19.  (Id.)  Plaintiff filed a grievance against defendant Pongyan based on his failure to wear a mask.  Plaintiff filed his grievance on March 26, 2021, and still had not received a response at the time he signed his complaint on May 9, 2021.  (Id. at 6.)

Plaintiff alleges that the department recently revised its appeal system and "have not given any instruction on the new procedures and when I've asked custody about the procedures I've received different answers."  (Id.)  Plaintiff alleges that he received responses to his previous appeals in less than 30 days.  (Id.)  Plaintiff alleges that he has no administrative remedies available because "I am being interfered with constantly."  (Id. at 6-7.)

Plaintiff alleges that after he submitted his grievance against defendant Pongyan, plaintiff was put up for transfer to RJD.  (Id. at 6.)

Plaintiff refused to take a rapid COVID-19 test required for his transfer to RJD.  As a result, plaintiff was placed on a 21-day quarantine, despite getting a negative result on a different COVID-19 test two days later.  (Id.)  Plaintiff asked the nurse why he was still being quarantined despite the negative test result.  (Id.)  The nurse told plaintiff that "it had nothing to do with medical."  (Id.)  Plaintiff alleges that defendant Pongyan influenced the medical department to confine plaintiff in his cell for 21 days in retaliation for plaintiff filing the complaint against him.  (Id.)

Plaintiff alleges that on April 25, 2021, he submitted his complaint to be e-filed by the law librarian.  (Id. at 7.)  Plaintiff alleges that his complaint did not reach the law librarian.  (Id.)  When plaintiff asked about the whereabouts of his complaint, he was told it was lost.  (Id.)  The law librarian told plaintiff that defendant Pongyan told her that plaintiff would be on a bus so not to worry about the lawsuit.  (Id.)

Discussion

*Defendant's Arguments*

In the motion to dismiss, defendant correctly argues that because the March 26, 2021 grievance forms the basis of plaintiff's retaliation claim, plaintiff is required to file a second

grievance alleging that defendant retaliated against him because of this protected conduct.  See Johnson v. Robinson, 2015 WL 882021, at *8 (E.D. Cal. March 2, 2021) ("Where a prisoner's inmate appeal 'does not …challenge the plaintiff's [classification] based on alleged retaliatory conduct[,]' a § 1983 claim is unexhausted.") (quoting Dixon v. LaRosa, 2011 WL 3875806, at *11 (E.D. Cal. Aug. 31, 2011)); see also Goolsby v. Gonzalez, 2014 WL 7272765, at *13 (E.D. Cal. Dec. 18, 2014) (If "[p]laintiff's appeal ... clearly complains about denial of due process rights but not retaliation," the claim for retaliation is unexhausted.).

Defendant also observes that in the complaint form, plaintiff alleges that he submitted an administrative grievance regarding his retaliation claims.  In the complaint form, plaintiff checked the box indicating that there were grievances or administrative appeals available at his institution.  (ECF No. 1 at 5.)  Plaintiff checked the box indicating that he submitted a request for administrative relief regarding his retaliation claim.  (Id.)  Plaintiff checked the box indicating that he did not submit his grievance regarding his retaliation claim to the highest level.  (Id.)  Plaintiff did not complete the section of the complaint form asking him to explain why he failed to submit his grievance regarding his retaliation claim to the highest level.  (Id.)

In the pending motion, defendant argues that because plaintiff's failure to exhaust administrative remedies is clear from the face of the complaint, a motion to dismiss is appropriate.  Albino v. Baca, 747 F.3d at 1169.

*Plaintiff's Opposition*

In his opposition, plaintiff raises three arguments excusing his failure to exhaust administrative remedies regarding his retaliation claim.  First, plaintiff argues that on June 1, 2020, the California Department of Corrections and Rehabilitation ("CDCR") changed its 602 appeals process without any guidance, procedure or rules explaining the changes.  (ECF No. 35 at 3.)  Second, plaintiff alleges that he submitted a grievance on April 15, 2021, concerning "this claim."  (Id. at 4.)  Plaintiff alleges that he did not receive a log number for this grievance or a response from prison officials.  (Id.)  Third, plaintiff contends that he was scared to file a grievance regarding his retaliation claims because defendant put his life in danger in retaliation for filing the March 26, 2021 grievance.  (Id.)

*Discussion*

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment" under Federal Rule of Civil Procedure 56.  Albino v. Baca, 747 F.3d at 1166.  However, "in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  Id.  To be clear on the face of the complaint, the court must find that the complaint shows not only that the plaintiff failed to exhaust his administrative remedies but also that those remedies were effectively available at the time.  Berrera v. Sivyer, 2017 WL 3783105, at *4 (E.D. Cal. Aug. 31, 2017), report and recommendation adopted, 2017 WL 4310498 (E.D. Cal. Sept. 28, 2017) (citing Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010)).

Plaintiff's complaint contains somewhat contradictory allegations regarding whether he exhausted administrative remedies as to his retaliation claim.  On the one hand, plaintiff checked the boxes in the complaint form indicating that he submitted a grievance regarding his retaliation claim but not to the highest level of review.  On the other hand, plaintiff alleged that administrative remedies were not available to him because "I am being interfered with constantly."  This allegation suggests that plaintiff did not file a grievance regarding his retaliation claim because he feared further retaliation.  The threat of retaliation may make the prison grievance system effectively unavailable, such that a failure to exhaust would not bar the complaint from being heard in federal court.  McBride v. Lopez, 807 F.3d 982, 986-87 (9th Cir. 2015).

The undersigned also observes that the only grievance discussed in the complaint is the March 26, 2021 grievance addressing defendant's alleged failure to wear a mask.  Thus, it is possible that the boxes checked in the complaint form refer to the March 26, 2021 grievance rather than a grievance regarding the alleged retaliation.

For the reasons discussed above, the undersigned cannot find that it is clear from the face of plaintiff's complaint that he failed to exhaust administrative remedies.  Accordingly, defendant's motion to dismiss should be denied.  The issue of plaintiff's exhaustion of administrative remedies should be raised in a summary judgment motion.

1       The undersigned acknowledges that in his opposition, plaintiff raises allegations that may

2  contradict the allegations in the complaint regarding administrative exhaustion.  For example, in

3  the opposition plaintiff alleges that he filed a grievance on April 15, 2021, regarding his

4  retaliation claim.  However, the undersigned cannot consider plaintiff's allegations regarding the

5  April 15, 2021 grievance in the context of this motion to dismiss as they are raised outside of his

6  complaint.

7       Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss

8  (ECF No. 30) be denied.

9       These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  December 6, 2021

18

19                    KENDALL J. NEWMAN
                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23  Harr846.mtd(2)

24

25

26

27

28