UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES HARRIS, | No. 2: 21-cv-0846 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| CAPTAIN PONGYAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motion for appointment of counsel and motion for reconsideration.  (ECF Nos. 44, 45.)  For the reasons stated herein, plaintiff's motions are denied.

Request for Reconsideration

For the reasons stated herein, the undersigned construes plaintiff's motion for reconsideration as a renewed request for extension of time to conduct discovery addressed to the undersigned.

On July 1, 2022, plaintiff filed a motion for a 90 days extension of time to conduct discovery.  (ECF No. 42.)  On August 1, 2022, the undersigned denied plaintiff's motion for extension of time as not well supported.  (ECF No. 43.)

////

1

On August 25, 2022, plaintiff filed the pending motion for reconsideration. (ECF No. 45.) Plaintiff attaches 67 pages of Daily Program Status Reports to the pending motion. These documents were not provided in support of the motion for extension of time to conduct discovery filed July 1, 2022. For this reason, the undersigned construes the motion for reconsideration as a renewed motion for extension of time to conduct discovery.[1]

Federal Rule of Civil Procedure 16(4) provides that, "[a] schedule may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16's "'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. Thus, normally, if the moving party "was not diligent, the inquiry should end." Id.

Pursuant to the discovery and scheduling order, filed March 28, 2022, the discovery deadline was July 29, 2022, and the dispositive motion deadline is October 21, 2022. (ECF No. 41 at 5.) The discovery and scheduling order also stated that all requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 were to be served not later than sixty days prior to July 29, 2022, i.e., on or before May 30, 2022. (Id.)

In the pending motion, plaintiff alleges that on January 9, 2022, San Quentin State Prison ("SQSP") began a complete COVID-19 quarantine which modified the program for the entire facility. (ECF No. 45 at 1.) Plaintiff alleges that from January 9, 2022, SQSP had an ongoing modified program that completely denied plaintiff access to the court. (Id. at 2.) By alleging denial of access to the court, it appears that plaintiff means denial of access to the law library.

Plaintiff alleges that he is housed in Facility B and the law library is in Facility A. (Id.) Plaintiff alleges that when Facility A is on outbreak status, plaintiff is not permitted to go to the

---

[1] As noted by defendant in the opposition, a motion for reconsideration would be untimely as it was filed more than fourteen days after the August 1, 2022 order. Local Rule 303(b), (c).

2

law library.  (Id.)  Plaintiff alleges that when Facility B is on outbreak status, plaintiff is not permitted to go to the law library.  (Id.)  Plaintiff refers the court to the Daily Program Status Reports in support of his claim alleging denial of law library access.  (Id.)  Plaintiff also alleges that defendant failed to respond to his timely served request for production of documents.  (Id.)

In opposition to the pending motion, defendant observes that plaintiff's motion is supported by Daily Program Status Reports from selected dates between January 9, 2021 and August 5, 2022.  (ECF No. 46 at 3.)  Defendant contends that plaintiff failed to provide Daily Program Status Reports demonstrating that plaintiff did not have law library access between March 28, 2022 and May 3, 2022, or between May 5, 2022 and June 8, 2022. (Id.)  Defendant also contends that plaintiff was able to draft a request for production of documents, dated July 6, 2022.  (Id.)  A copy of this request for production of documents is attached to defendant's opposition.  (Id. at 6-10.)  Defendant argues that plaintiff fails to demonstrate whether this request was drafted in the law library or some other location.  (Id.)  Defendant argues that if the request was drafted in another location, then plaintiff's lack of access to the law library is not relevant to plaintiff's ability to diligently conduct discovery.  (Id.)

As discussed above, the Discovery and Scheduling order was filed on March 28, 2022.  Pursuant to the Discovery and Scheduling order, plaintiff's discovery requests were to be served by May 30, 2022.  Therefore, the Daily Program Status Reports from March 28, 2022, to May 30, 2022, are relevant to evaluating plaintiff's law library access.

At the outset, the undersigned observes that plaintiff attaches a Daily Program Status Report dated March 8, 2022.  (ECF No. 45 at 67-68.)  This report states that SQSP is on normal program with normal law library.  (Id. at 67.)

Plaintiff attaches a Daily Program Status Report dated May 3, 2022, stating that inmates on Facility A, West Block, were placed on a medical quarantine due to inmates testing positive for COVID-19.  (Id. at 65-66.)  This report indicates that inmates on this medical quarantine had Preferred Legal User ("PLU") law library access.  (Id. at 65.)

Plaintiff attaches a Daily Program Status Report dated May 3, 2022, stating that inmates in H-Unit Dorm # 4 in Facility A were placed on medical quarantine due to a possible scabies

1 | outbreak. (Id. at 63.) This report indicates that inmates on this medical quarantine had PLU law
2 | library access. (Id.) A Daily Program Status Report dated May 4, 2022, states that the medical
3 | quarantine for inmates in H-Unit Dorm # 4 were released from medical quarantine and returned to
4 | normal program. (Id. at 62.)

5 |   Plaintiff attaches a Daily Status Program Report dated June 9, 2022, stating that SQSP
6 | was placed on a modified program due to COVID-19 precautions. (Id. at 59-60.) In relevant
7 | part, this document states that on May 3, 2022, West block went on modified program due to
8 | multiple inmates testing positive for COVID-19; on May 8, 2022, North Block went on medical
9 | quarantine due to inmates testing positive for COVID-19; on May 15, 2022, Badger was placed
10 | on medical quarantine due to inmates testing positive for COVID-19; and on May 19, 2022, East
11 | Block was placed on medical quarantine due to inmates testing positive for COVID-19. (Id. at
12 | 60.) It is unclear from this document whether inmates on medical quarantine were allowed any
13 | law library access. This document indicates that inmates on modified program with "regular"
14 | covid precautions were allowed law library access if they had PLU status. (Id. at 59.) The
15 | document states that on June 6, 2022, Facility B moved into the open phase of the Institution
16 | Roadmap to Reopening. (Id.)

17 |   Plaintiff attaches Daily Status Program Reports dated June 10, 2022, and June 13, 2022,
18 | containing information similar to the information contained in the June 9, 2022 Daily Status
19 | Program Report. (Id. at 55-58.)

20 |   Plaintiff also attached Daily Status Program Reports from other dates in June, July and
21 | August 2022. (Id. at 4-54.)

22 |   The Daily Status Program Reports do not show that plaintiff was denied law library access
23 | from March 28, 2022 through April 2022. The Daily Status Program Reports indicate that some
24 | inmates had limited law library access during May 2022 due to COVID-19 restrictions. It is
25 | unclear whether plaintiff was among those inmates subject to these restrictions. It is also unclear
26 | from these reports whether plaintiff's law library access was impacted by restrictions placed on
27 | other inmates.

28 |   However, assuming that plaintiff had limited law library access in May 2022, plaintiff

4

does not explain why he was unable to prepare discovery requests during April 2022, when he apparently had law library access. Plaintiff also does not explain why he did not seek an extension of time to conduct discovery prior to the May 30, 2022 deadline for serving discovery requests if his law library access was restricted.

The undersigned also observes that the Daily Program Status Reports suggest that plaintiff may have had restricted law library access around the time he prepared his untimely request for production of documents, dated July 6, 2022. Daily Program Status Reports dated June 29, 2022, July 4, 2022, and July 5, 2022, state that Facility A was on a modified lockdown with only PLU law library access. (Id. at 35-40.) According to plaintiff, when Facility A was on "outbreak status," plaintiff was unable to access the law library in Facility A. Therefore, it appears that plaintiff was able to prepare the request for production of documents despite restricted law library access.

For the reasons discussed above, the undersigned finds that plaintiff failed to demonstrate that he acted diligently in conducting discovery.

The undersigned also suspects that plaintiff's failure to conduct timely discovery may be related to plaintiff's misunderstanding of the discovery deadlines rather than restricted law library access. The undersigned suspects that plaintiff did not understand that his discovery requests were due sixty days prior to the July 29, 2022 discovery cut-off date, which would explain plaintiff's service of the untimely request for production of documents, which he claims was timely, as well as his inclusion of Daily Program Status Reports for June and July 2022 in the pending motion. Plaintiff's apparent misunderstanding of the date to serve his discovery requests is not good cause to grant the pending motion. Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

Accordingly, for the reasons discussed above, plaintiff's motion for reconsideration, construed as a renewed request for extension of time to conduct discovery, is denied.[2]

---

[2] Plaintiff may seek reconsideration of the instant order from the district judge assigned to this action.

Request for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 44) is denied;
2. Plaintiff's motion for reconsideration (ECF No. 45), construed as a renewed request for extension of time to conduct discovery, is denied.

Dated: September 26, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Harr846.ord